# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK TILLMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEEFE COMMISARY NETWORK )<br>SALES, et al., )<br>)<br>Defendants. ) | Civil Action No. 10-255<br>Judge Donnetta W. Ambrose/<br>Magistrate Judge Cathy Bissoon |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this *pro se* prisoner civil rights case be dismissed for failure to obey a court order.

### II. REPORT

Frederick Tillman ("Plaintiff"), a prisoner at the Allegheny County Jail ("ACJ") when he commenced this suit, alleges that Keefe Commissary Network "Keefe"), the commissary operator, at the ACJ and Keefe's manager there, are violating the ACJ prisoners' constitutional rights by charging ACJ inmates more than Keefe charges to inmates held in Pennsylvania State prisons, where Keefe also is the commissary operator. Plaintiff also alleges that Keefe is selling to ACJ inmates items that are not intended to be sold individually. Plaintiff also complains that Keefe charges ACJ inmates 54 cents for an envelope that is pre stamped with 33 cents postage. Lastly, Plaintiff appears to allege a product liability claim against Keefe, asserting Plaintiff ate instant oatmeal from a package sold by Keefe and that the oatmeal contained a foreign object that caused Plaintiff injury.

On August18, 2010, the Court ordered Plaintiff to provide to the Court a certified copy of his inmate account statement for the past six months. ECF No. 6. Plaintiff was directed to do so by August 25, 2010. Plaintiff failed to comply with the order. Plaintiff did not request an extension of time in which to comply with the order nor did he otherwise respond to the Court's order. On September 27, 2010, Plaintiff filed a change of address notice with the Court, ECF No. 7, and another notice on October 8, 2010. ECF No. 8. These change of address notices indicated that Plaintiff was then housed at Renewal Inc., which is a work release residential program for criminal convicts.[1] On November 3, 2010, the Court issued a show cause order, ECF No. 9, directing Plaintiff to explain why this case should not be dismissed for his failure to comply with the Court's August 18, 2010 order that required him to supply the Court with his inmate account statements. Plaintiff was ordered to respond to the show cause order no later than November 18, 2010. November 18, 2010 has now passed and Plaintiff has not responded in any manner to the show cause order. Nor has he requested an extension of time to respond.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether

---

[1] The Court takes judicial notice of Renewal Inc.'s website available at:

   http://www.renewalinc.com/about-us/populations-served

(site last visited 12/2/2010).

2

dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation[.]" Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id. (citations omitted).

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Order set forth above. The responsibility for his failure to respond to the Order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's show cause order. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure to respond to the show cause order was anything other than willful.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se*, and seeks leave to proceed IFP. Thus, the imposition of costs or monetary penalties upon Plaintiff would appear to be an ineffective sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's complaint fails to provide a sufficient basis for liability against Defendants under 42 U.S.C. § 1983. Thus, this factor weighs in favor of dismissal.

Because five of the six Poulis factors weigh heavily in favor of dismissal, the undersigned recommends dismissal of this case without prejudice.

### III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections by December 20, 2010. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

s/Cathy Bissoon
Cathy Bisson
United States Magistrate Judge

**cc:**

Donnetta W. Ambrose
Senior United States District Judge

4

FREDERICK TILLMAN
Renewal Inc.
P.O. Box 295
Pittsburgh, PA 15230